Joseph F. Hawkins, J.
Petitioner brings this article 78 (CPLR) proceeding seeking an order to restore her priority on the 11 waiting list ’ ’ for an apartment in a facility operated by the respondent, Peekskill Housing Authority, retroactively to the date of her initial application, to wit, September 27, 1961.
Petitioner, on February 9, 1968, inquired as to her status, at which time she was given another application and, for reasons which are not explained, did not complete said application until *101 June of 1969. In conjunction with the prior application, there appears to be an interoffice memorandum from a former employee, now unfortunately deceased, made at the time of the first application, in which the petitioner’s husband was told to bring documentary evidence, such as a marriage certificate, ‘ ‘ if he is notified for an interview.” It does not appear there was such notification.
Petitioner’s present position is No. 31 on the eligibility list for a five and one-half room apartment, based upon the second application. The relief petitioner seeks is that she be given first priority superseding all those who had applied subsequent to petitioner’s first application.
The only “ determination ” contained in the submission is a letter from the respondent’s counsel to petitioner’s attorney which merely recites the dates of the several applications and the failure of the petitioner to “ pursue the matter any further,” i.e., the first application. In any event, there does not appear to be such administrative ruling or finding by the appropriate authority upon which a court properly can or should make a determination of the essential issue presented. There is thus an inadequate record upon which to decide whether the respondent’s refusal to restore petitioner’s chronological priority is supported by reasonable evidence or, if the contrary, is arbitrary and capricious.
It appears that section 156-a of the Public Housing Law was amended by chapter 224 of the Laws of 1968 effective July 1, 1968 to provide that where a housing authority determines ineligibility, it must have a written record stating the reason for such ineligibility and that it must be filed in its office. It further provides for notice by mail to the applicant of such ineligibilty, appraisal of the reasons for such ineligibility and a personal interview. In section 156-b of the statute, effective as of April 25, 1969, provision was made for notification to applicants upon the expiration of their application. It is therefore evident that the Legislature created a procedure for administrative regularity and review. Additionally, by regulation section 1627-7.3 (9 NYCRR 1627-7.3), pursuant to sections 14 and 19 of the Public Housing Law, there is provision for an ‘1 Authority board of review ” and by subdivision (b) thereof, the board of review consisting of at least three members of the authority is required to ‘1 review appeals by applicants or tenants from any administrative ruling or finding of ineligibility for admission or continued occupancy in any authority project. ’ ’ At bar, the informal ruling rendered to petitioner’s counsel, in our opinion, is tantamount to a ruling of ineligibility for, as No. 31 on the eligibility *102 list, petitioner’s prospects for an apartment appear to be quite dim. In view of the above-cited statute and regulations, in our opinion, the matter is one to be properly reviewed by the Board of Review. This is in accord with administrative law and the basic elements of due process.
Accordingly, the petition is denied, but with leave to renew after the petitioner has exhausted her administrative remedies, if she is so advised.